**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| EDWIN "ED" L. COCKRELL SR., and | ) | |
| CHERYL MATHEWS, individually and | ) | |
| As Chairwoman of | ) | |
| THE ST. CLAIR COUNTY REPUBLICAN | ) | |
| CENTRAL COMMITTEE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:21-cv-00907-JPG |
| | ) | |
| ST. CLAIR COUNTY, a body politic and | ) | |
| THOMAS HOLBROOK, Clerk of the County of | ) | |
| St. Clair, in his official capacity, and | ) | |
| MARK A. KERN, | ) | |
| in his official capacity as Chairman of the Board, | ) | |
| | ) | |
| Defendants. | ) | |

---

**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

Plaintiffs bring this action challenging the constitutionality of the apportionment of

county board districts against Defendants, ST. CLAIR COUNTY, a body politic, THOMAS

HOLBROOK, in his official capacity as Clerk of the County of St. Clair, and MARK A. KERN,

in his official capacity as Chairman of the St. Clair County Board.

Plaintiffs allege and aver as follows:

**I.**
**INTRODUCTION**

1. Plaintiffs bring this lawsuit to protect the fundamental rights of St. Clair County

    voters and to invalidate the St. Clair County board redistricting plan, Ordinance No.

    21-1252, proposed to the St. Clair County Board (the "Board") on May 10, 2021 by

Mark A. Kern (the "Plan")[1], Ordinance No. 21-1252, and approved by the Board during a special County Board meeting on June 2, 2021. Mark A. Kern drew the legislative districts in the Plan without using population data rather than waiting a few months for the U.S. Census Bureau (the "Census Bureau" or "Bureau") to provide redistricting data containing official population counts from the 2020 decennial census. Plaintiffs seek a declaration that the Plan is unconstitutional, invalid, and thus void *ab initio*. Plaintiffs also seek an order granting appropriate relief that allows for the drafting and implementation of a redistricting plan based on the official 2020 decennial census counts.

2.  Any county board redistricting plan must satisfy the principles of the U.S. Constitution. Key among these requirements is the equal protection guarantee of "one person, one vote," requiring county board districts be of equal, or at the very least, substantially equal population. Under this requirement, a plan that results in a greater-than 10% population deviation between the largest and smallest legislative districts is "presumptively impermissible."[2] Even if the plan results in a smaller maximum population deviation, the plan will still be held invalid if the districts are drawn using arbitrary or discriminatory criteria.[3]

3.  The decennial census official population counts have long been recognized as the best source of population data to achieve such equality and are presumptively valid for redistricting purposes.[4] The Census Bureau usually sends the states redistricting

---

[1] *See Exhibit A* Ordinance No. 21-1252
[2] *Evenwel v. Abbott*, 577 U.S. 937, ---, 136 S. Ct. 1120, 1124 (2016).
[3] *Roman v. Sincock*, 377 U.S. 369, 710 (1964).
[4] See, e.g., Karcher v. Daggett, 462 U.S. 725, 738 (1983) ("the census count represents the 'best population data available'" for redistricting and "is the only basis for good-faith attempts to achieve population equality") (quoting Kirkpatrick v. Preisler, 394 U.S. 526, 528 (1969)).

data with the official census counts by April 1st of the year after the census. Although delayed this year, the Bureau has stated in court filings and other official channels that it will provide the states with the data files necessary for redistricting on August 12, 2021. [5] The Census data was released that date and is now available to the parties.

4. Mark Kern proposed the redistricting plan, and the Board voted to pass it, despite lacking the official population counts from the census, or performing the statutory requirement of holding a public hearing for comments or questions. The Plan does not take into account the official census counts, nor any other population data.[6] The plan also puts forth a map that has non-contiguous parcels and boundary lines with no descriptions.  (Defendant, in responding to a FOIA request, produced almost no information.) Indeed, the Redistricting Plan has been created and passed without the use of any data that would suggest that the districts were created to be substantially equal.

5. Because the Redistricting Plan does not use the decennial census data, and it further is unsupported by any other data whatsoever, it does not ensure that the districts contain substantially equal populations.

6. For these reasons, the Redistricting Plan cannot create substantially equal districts. Further, any redistricting plan not based upon the decennial census cannot create substantially equal districts.

---

[5] United States Census Bureau. (2021, August 5). *2020 Census Results*. Retrieved from the United States Census Bureau website: https://www.census.gov/programs-surveys/decennial-census/decade/2020/2020-census-results.html
[6] *See Group Exhibit B*

7.  Plaintiffs have utilized the newly released census data, published since filing their original complaint, to identify flagrant, gross disparities in the county approved map. Using the 2020 census data, the board districts proposed by the Defendants contain a board district with as few as 5,180 people (Board District #2, centered on Washington Park) compared to a Board District containing 11,510 people, a difference of 6,330 people larger, more than double the population size of Board District #2.   Accentuating the numerous substantial flaws is that the larger district, Board District #10, is centered on the Fairview Heights community, and Board District #10's boundary extends westward "below the hill" (a local colloquial term used to describe a geographic region adjoining the northwestern border of the county and associated with a high percentage of minority population) to be a very short geographic distance apart from each other.

8.  The new census data shows a similar pattern of gross disparities between districts that adjoin each other, or regions of the county historically associated with the Democrat Party (the northwest corner) versus the region associated with the Republican Party (the northeast corner), so that the Democratic area board district population is, as an average, 3,364 people smaller in size.  (See Exhibit C2, identifying the average size of historically democrat held districts as 6,220 people, whereas the republican traditional areas average 9, 854 people).

9.  The Plan for Districts complained of was presented to the board for election showing purported Board District populations vastly different than reality.

10. The Plan for Districts approved by St Clair County has non-contiguous parcels, and boundary division lines that are not based upon any known legal description, but

rather arbitrarily drawn without an identifiable basis, and arbitrarily divides townships and correspondingly spreads county board districts over multiple board districts.  County board district #19, centered on the Millstadt community, stretches across seven townships.

11. Because the Redistricting Plan does not contain substantially equal county board districts, the Plan violates the "one person, one vote" principles derived from the Equal Protection Clause in the Fourteenth Amendment to the Constitution. In addition to the fact that the Plan violates the "one person, one vote" principle, the Plan also violates the Equal Protections Clause because it is both arbitrary and discriminatory.

## II.
## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1357. Plaintiffs bring claims arising under the U.S. Constitution and 42 U.S.C. § 1983 for violations of their civil rights and the elective franchise, and a claim under the federal Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202).

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in Illinois and because all Defendants reside in the Southern District of Illinois.

## III.
## PARTIES

**A.  Plaintiffs**

14. Plaintiff EDWIN "ED" L. COCKRELL SR., is a member of the St. Clair County Board, a citizen of the United States and the State of Illinois, a duly registered voter

residing in St. Clair County at 306 N. Jackson Street, New Athens, Illinois, and the lone no vote against Ordinance No. 21-1252.

15. Plaintiff St. Clair County Republican Central Committee includes in its membership many citizens who are residents and voters in the County of St. Clair and State of Illinois.

16. Plaintiff CHERYL MATHEWS is the Chairwoman of the St. Clair County Republican Central Committee, a citizen of the United States of America and a Citizen of the State of Illinois, and a registered voter in St. Clair County Illinois. She brings this action as an individual together with other interested plaintiffs named herein, who are all Republican members of the St. Clair County Republican Party.

## B. Defendants

17. Defendant, St. Clair County, is a body politic and corporate, organized and existing pursuant to the laws of the State of Illinois and located within the Southern District of Illinois. Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. Section 1391(b).

18. Defendant THOMAS HOLBROOK is the County Clerk of the County of St. Clair and pursuant to 10 ILCS 5/1-3(10) and 10 ILCS 5/17-8 is the local election official and is responsible for the preparation and administration of elections in the County of St. Clair. This defendant is sued solely in his official capacity.

19. Defendant MARK A. KERN is the Chairman of the St. Clair County Board. He is sued solely in his official capacity.

# IV.
# BACKGROUND

20. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution protects an individual's political equality as to the fundamental right to vote by requiring that governmental entities have an acceptable process of regular redistricting to comply with the general guidelines of "one person, one vote." Under this constitutional doctrine, county board districts must be as equal in population as possible, given the restrictions of natural and township boundaries.

21. Where the deviation from the population equality for a county board district is greater than necessary, the deviation will be declared substantial, rather than "de minimis" and the burden shifts to the governmental entity to justify the deviation.[7]

22. An apportionment plan with a total population deviation of greater than 10% automatically establishes a prima facie violation of the Fourteenth Amendment that therefore requires justification.[8]

23. An apportionment plan with a total population deviation of less than 10% can still be shown to be a violation of the Fourteenth Amendment if the plaintiff can produce further evidence to show that the apportionment process had a "taint of arbitrariness or discrimination."[9]

24. In compliance with the Federal Constitutional mandate to redistrict properly at regular intervals, Illinois has enacted statutes governing the redistricting for governmental entities.

---

[7] *Hulme v. Madison County*, 188 F.Supp.2d 1041 (S.D. Ill. 2001).
[8] *Id.* at 1047.
[9] *Id.* at 1047.

25. Chapter 55 § 5/2-3003 of the Illinois Compiled Statutes requires the County Board to adopt an apportionment plan under specific guidelines: the districts shall (1) be equal in population to each other district; (2) shall be comprised of contiguous territory, as nearly compact as practicable; and (3) may divide townships or municipalities *only* when necessary to conform to the equal population requirement.

26. "Compact" means, "closely united."[10]

27. "Contiguous" means "touching or adjoining in a reasonably substantial physical sense."[11]

28. Under Illinois law, a reapportionment plan must not be the product of "political gerrymandering."[12]

29. "Political gerrymandering" means the "manipulation of district lines for partisan political ends."[13]

30. The ideal population number in county board districts was 9,048 persons, based on the total population in all county townships from proposed reapportionment plan of St. Clair County divided by the 29 districts that exist in St. Clair County. With the actual 2020 census data, the ideal population is now 8,776 persons.

31. The highest population total for the county board districts under the newly enacted resolution was believed to be the County Board District 13 and District 26. Districts 13 and 26 had represented total populations of 9,475 each, for a total of 427 persons

---

[10] *Hulme v. Madison County*, 188 F.Supp.2d 1041 (S.D. Ill. 2001). (Citing to the Plaintiff's Amended Complaint for Declaratory Relief, approved by the Court.)
[11] *Id.*
[12] *Id.*
[13] *Id.*

more than the ideal.[14]  Now, with the 2020 census data, County Board District 10 has

11, 510 persons, which is 2, 634 higher than the ideal.

32. The lowest population for a district was thought to be in County Board District 17.

District 17 had purportedly a population of 8,599, for a total of 449 persons less than

the ideal.[15]  Utilizing 2020 census data, County Board District 2 has 5,180 persons,

which is 3,393 persons below ideal.

33.  As earlier noted, Board District 10 is more than twice as large as Board District 2.

34. No legitimate reason exists to justify this deviation between the county board

districts. Plaintiffs believe, and can demonstrate and present a map, that a deviation

of close to 1% or less is possible, in conjunction with a minimal crossing of

township boundary lines, in view of current technology and redistricting

methodologies.

35. Large population disparities exist between adjoining districts that can easily be

rectified by shifting a district boundary.[16]

36. Districts have not been created to be compact, and they divide townships and

precincts in such a way that is violative of the statute and benefit the Democrat

County board candidates. Some of the districts have unusual shapes designed to

allow the incumbent Democrats to remain residing in their district, whereby they are

barely in their district by a short distance.[17] [18]

---

[14] *See* attached Exhibit C
[15] *See Id*.
[16] *See* attached Exhibit D.
[17] *See* attached Exhibit F.
[18] *See* attached Exhibit G.

37. The St. Clair County Board did not make an honest good-faith effort to construct its districts as nearly of equal population as possible, as compact as possible, or as contiguous as possible.

38. It is possible to draw county board districts with substantially less deviation under the guidelines imposed by Illinois law.

39. St. Clair County will next have county elections in November 2022.

40. Chapter 55 ILCS 5/2-3003 (3) requires, in part, "….the Board shall conduct at least one public hearing to receive comments and to discuss the apportionment plan,".

41. There was one notice of hearing to be held a half hour before the scheduled vote.

42. At that time, the county board chairman announced that a new map (version number two) was prepared and that the old map (version number one) that was presented would not be voted upon.

43.  At the time of the vote upon what would be map version three, it was announced that a new version (version number four) of the map would be made to accommodate some members of the board.   The board voted to approve version four on the spot without ever seeing version four or knowing the population of the districts.  No public hearings were held other than the first scheduled hearing.

44. A Reapportionment plan that satisfies Federal and State law requirements must be in place prior to the first date for the filing of petitions for the next county election which is January 13, 2022.

**V.**
**CAUSES OF ACTION**

**COUNT I**
**Violation of 55 ILCS 5/2-3003 et. seq.**

45. Plaintiffs adopt by reference all preceding paragraphs of this complaint.

46. The redistricting plan proposed by Mark Kern violates Chapter 55 § 5/2-3003 of the Illinois Compiled Statutes because the districts are not as equal as possible, are not compact, do not follow logical natural boundaries, and are not all contiguous and divide townships unnecessarily thereby dividing natural communities of interest as contemplated by the Statute.

WHEREFORE, Plaintiffs respectfully pray that the Court:

   a.  Declare the county board district lines of St. Clair County as adopted by the complained of ordinance are violative of Illinois Statutory law;

   b.  Order the County Apportionment Commission to immediately and without delay redistrict the county board districts in a manner complying with the Constitution of the United States.

   c.  In the alternative, impose by court order a redistricting plan for the county board districts of the County of St. Clair and State of Illinois;

   d.  Grant Plaintiffs their cost of this action, including reasonable attorneys' fees; and

   e.  Grant Plaintiffs such other relief as may be just and equitable.

**COUNT II**

**Violation of 55 ILCS 5/2-3003(3).**

47. Plaintiffs adopt by reference all preceding paragraphs of this complaint.

48. The redistricting plan proposed by Mark Kern violates Chapter 55 § 5/2-3003(3) of the Illinois Compiled Statutes because the Board did not allow time for a public hearing to contribute questions or comments upon the map that was voted upon as required by Illinois Statutory law.

WHEREFORE, Plaintiffs respectfully pray that the Court:

 f. Declare the county board district lines of St. Clair County as adopted by the complained of ordinance are violative of Illinois Statutory law;

 g. Order the County Apportionment Commission to immediately and without delay redistrict the county board districts in a manner complying with the Constitution of the United States.

 h. In the alternative, impose by court order a redistricting plan for the county board districts of the County of St. Clair and State of Illinois;

 i. Grant Plaintiffs their cost of this action, including reasonable attorneys' fees; and

 j. Grant Plaintiffs such other relief as may be just and equitable.


**Count III**
**Violation of the Equal Protect Clause**

49. Plaintiffs adopt by reference all preceding paragraphs of this complaint.

50. The redistricting plan ordinance proposed by Mark Kern for the County of St. Clair and State of Illinois, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, because the districts are not as equal

as possible, given the restrictions of natural, and township boundaries, have been

illegally politically gerrymandered to dilute and reduce:

    a.  Republican Representation on the St. Clair County Board.

    b.  The vote of some St. Clair County citizens viz-a-viz others by creating

        districts which are not as equal as possible given present-day technology.

WHEREFORE, Plaintiffs respectfully pray that the Court:

    a.  Declare the county board district lines of St. Clair County are violative of the

        Equal Protection Clause of the Fourteenth Amendment of the Constitution of

        the United States;

    b.  Order the County Apportionment commission to immediately and without

        delay redistrict the county board districts in a manner complying with the

        Constitution of the United States.

    c.  In the alternative, impose by court order a redistricting plan for the county

        board districts of the County of St. Clair and State of Illinois;

    d.  Grant Plaintiffs their cost of this action, including reasonable attorneys fees;

        and

    e.  Grant Plaintiffs such other relief as may be just and equitable.

### Count IV
### Equal Protection – Illegal Gerrymandering

51. Plaintiffs adopt by reference all preceding paragraphs of this complaint.

52. The redistricting plan adopted by the St. Clair County Board violates the Equal

    Protection Clause of the Fourteenth Amendment of the Constitution of the United

    States, because it constitutes a Democratic Party gerrymander intended to

    disadvantage, and dilute Republican Party representation on the St. Clair County

Board, which will effectively deny Republican voters in the said county a fair chance to influence the political process, and the process was conducted in an atmosphere of political bias and bad faith *ab initio*.

53. Upon information and belief, the Plaintiffs believe that certain Democrat members of the County Board and other Democrat hopefuls, conspired to create democrat districts and to eliminate and dilute Republican representation on the Board.

54. The proposed plan intentionally and unnecessarily places Republican incumbents into areas with a larger Democrat base, thereby diluting the Republican influence in the said district and in the electoral process.

55. The proposed plan intentionally and unnecessarily removes Republican nominees from districts where Democrat incumbents were challenged and narrowly won their respective elections.

WHEREFORE, the Plaintiffs pray for the following relief:

    a.   Declare the county board district lines of St. Clair County are violative of Illinois Statutory law;

    b.   Order the County Apportionment Commission to immediately and without delay redistrict the county board districts in a manner complying with the Constitution of the United States.

    c.   In the alternative, impose by court order a redistricting plan for the county board districts of the County of St. Clair, Illinois;

    d.   Grant Plaintiffs their cost of this action, including reasonable attorney's fees; and

    e.   Grant Plaintiffs such other relief as may be just and equitable.

## COUNT V
## Federal Declaratory Judgment Claim

56. Plaintiffs re-allege the facts set forth in the paragraphs above as if set forth herein.

57. For the reasons explained above, an actual controversy exists between Plaintiffs and Defendants regarding whether the Plan is unconstitutional, invalid, and void *ab initio*.

58. Despite lacking the official population counts from the census, Chairman Mark A. Kern proposed the Redistricting Plan on May 24, 2021, and the Board passed it on June 2, 2021 as Ordinance No. 21-1252.

WHEREFORE Plaintiffs respectfully request that the Court grant declaratory relief under the Declaratory Judgment Act and declare that the Plan is unconstitutional, invalid, and void *ab initio*.

PAUL J. EVANS,

ATTORNEY FOR PLAINTIFFS
Paul J. Evans, #6201148
Evans Law Firm, P.C.
817 West U.S. Highway 50
O'Fallon, Illinois  62269
(618) 628-9092 | Telephone
(618) 628-9092 | Facsimile
paulevans@evanslawfirmpc.com



**EXHIBIT**

**A**

ORDINANCE NO. 21-1252

AN ORDINANCE ADOPTING APPORTIONMENT PLAN
ESTABLISHING THE COUNTY BOARD DISTRICTS
IN ST. CLAIR COUNTY, ILLINOIS
(EFFECTIVE DECEMBER 2022)

**WHEREAS,** St. Clair County has twenty-nine (29) County Board Districts;

**WHEREAS,** Section 2-3002(a) of the Illinois Counties Code (55 ILCS 5/2-3002(a)) requires the St. Clair County Board to reapportion its County Board Districts by July after the census has been completed every ten years, utilizing the process set forth in Section 2-3003 of the Illinois Counties Code (55 ILCS 2-3003);

**WHEREAS,** pursuant to Section 2-3003 of the Illinois Counties Code (55 ILCS 5/2-3003), the St. Clair County Board Chairman developed and presented to the St. Clair County Board an apportionment plan at its Special Meeting on May 10, 2021, and the St. Clair County Board held a public hearing with due notice on the apportionment plan on May 24, 2021;

**WHEREAS,** the St. Clair County Board desires to adopt this Ordinance approving its Chairman's apportionment plan set forth in 'EXHIBIT A" pursuant to Section 2-3003 of the Illinois Counties Code (55 ILCS 5/2-3003) and providing that, effective December 2022, St. Clair County shall continue to have a County Board Chairman elected by the voters of St. Clair County pursuant to Section 2-3007 of the Illinois Counties Code (55 ILCS 5/2-3007) and twenty-nine (29) County Board Members elected by county board district from each of the twenty-nine (29) County Board Districts identified in "EXHIBIT A" pursuant to Section 2-3002(a) of the Illinois Counties Code (55 ILCS 5/2-3002(a)), with the terms of such County Board Members to be determined publicly by lot from three (3) groups as provided in Section 2-3009 of the Illinois Counties Code (55 ILCS 5/2-3009).

**NOW, THEREFORE, BE IT ORDAINED** that the St. Clair County Board hereby approves its Chairman's apportionment plan set forth in 'EXHIBIT A" pursuant to Section 2-3003 of the Illinois Counties Code (55 ILCS 5/2-3003) and further approves that, effective December 2022, St. Clair County shall continue to have a County Board Chairman elected by the voters of St. Clair County pursuant to Section 2-3007 of the Illinois Counties Code (55 ILCS 5/2-3007) and twenty-nine (29) County Board Members elected by county board district from each of the twenty-nine (29) County Board Districts identified in "EXHIBIT A" pursuant to Section 2-3002(a) of the Illinois Counties Code (55 ILCS 5/2-3002(a)), with the terms of such County Board Members to be determined publicly by lot from three (3) groups as provided in Section 2-3009 of the Illinois Counties Code (55 ILCS 5/2-3009).

**SECTION I:  INCONSISTENT ORDINANCES REPEALED:**  All Ordinances or parts of other Ordinances in conflict with the provisions of the Ordinance shall to the extent of the conflict be, and are hereby repealed, provided that nothing herein shall in any way excuse or prevent prosecution of any previous or existing violation of any Ordinance superseded hereby.

1

**SECTION II: SAVING CLAUSE:** Nothing in this Ordinance hereby adopted shall be construed to affect any suit or proceeding pending in any court, or any rights acquired, or liability incurred, or any cause or causes of action acquired or existing, under any act or ordinance hereby repealed by this Ordinance, nor shall any just or legal right or remedy of any character be lost, impaired or affected by the Ordinance.

**SECTION III: PASSAGE AND PUBLICATION:** This Ordinance shall be in full force and effect from its passage and publication by the County Clerk as provided by law and shall continue in effect and operation until lawfully terminated by the St. Clair County Board.

**APPROVED AND ADOPTED** at a regular meeting of the County Board of St. Clair County in the State of Illinois this 2nd day of June, 2021.

_____
Chairman of the Board

ATTEST:

_____
Clerk of the Board

REVIEWED BY:

_____
State's Attorneys Office

_____
Director of Administration

PRESENTED BY:

_____

_____

_____

_____

_____

**JUDICIARY COMMITTEE**

2



EXHIBIT

B-1

## **FOIA REQUEST**

** PLEASE NOTE: Although we are providing this form for your convenience and to expedite your request, you are not required, pursuant to Illinois State Statute, to use this format for your request. Additionally, please retain a copy of this request for your files. If you eventually need to file a Request for Review with the Public Access Counselor, you will need to submit a copy of your FOIA request. **

Name and Address of Public Body Receiving Request: _Evans Law Firm, PC_
_817 W. Hwy 50, O'Fallon, IL 62269_

Date Requested: _5/25/2021_

Request Submitted By: ___ E-mail ___ U.S. Mail ___ Fax ___ In Person

Name of Requester: _Paul Evans_

Street Address: _817 W. Hwy 50,_

City/State/County Zip (required): _O'Fallon, IL 62269_

Telephone: _(618) 628-9092_ E-mail (Optional): _____

Fax (Optional): _____

Records Requested: *Provide as much specific detail as possible so the public body can identify the information that you are seeking. You may attach additional pages, if necessary. _County Board district maps used for 1991 & 2001; Population data for every precinct & township; Identity of any person committed to map committee; Any other maps used to draw county board district maps; 9/11 data_

--Do you want copies of the documents? ☐ YES or ☑ NO

--Do you want *Electronic Copies (if available) or Paper Copies? _Yes_

(* *Pursuant to Illinois State Statute this office is only required to produce electronic copies in the format in which they are maintained.*)

Is this request for a Commercial Purpose? ☐ YES or ☑ NO

(*It is a violation of the Freedom of Information Act for a person to knowingly obtain a public record for a commercial purpose without disclosing that it is for a commercial purpose if requested to do so by the public body. 5 ILCS 140.3.1(c)).*

Are you news media or a non-profit, scientific or academic organization? ☐ YES or ☑ NO

Are you requesting a fee waiver? ☑ YES or ☐ NO

(*If you are requesting that the public body waive any fees for copying the documents, you must attach a statement of the purpose of the request, and whether the principal purpose of the request is to access or disseminate information regarding the health, safety and welfare or legal rights of the general public. 5 ILCS 140/6(c)).*

The fee for the FOIA request is being requested, pursuant to 5 ILCS 140/6(c), to be waived on behalf of the Republican Party of St. Clair County. We are requesting access to this information for public policy purposes in order to further our citizens' interest and help promote the welfare of those belonging to our party.



EXHIBIT
B - 2

June 3, 2021

Chris Allen
St. Clair County State's Attorney Office
#10 Public Square
Belleville, IL 62220

   **RE: FOIA Request**

Mr. Allen,

   Today, on June 3, 2021, I was routed to your office number through the St. Clair County Clerk's Office, then through the FOIA Department of St. Clair County. I was told that you were in a meeting, and I had a message left with you.

   I filed a FOIA request via email on behalf of the Republican Party of St. Clair County to the County Clerk's office on Tuesday, 5/25/2021. I was directed to you and your office to obtain a status update on the request, as the 5-day term for response has since passed.

   I understand that the computer systems have been down at your office since this past weekend, but any update or response to my request would be appreciated, as time is of the essence for this information.

          Best Regards,

          Joshua Stuart

# Evans Law FIRM, PC

> **EXHIBIT**
>
> B - 3

June 16, 2021

Thomas Holbrook
St. Clair County Clerk
10 Public Square
Belleville, IL 62220

Mark Kern
St. Clair County Board Chairman
10 Public Square
Belleville, Illinois 62220

**RE: FOIA Request**

Mr. Holbrook and Kern:

On May 25, 2021, my office sent in a Freedom of Information Act request pursuant to 5 ILCS 140/1 et. seq. In the request, we sought as follows: the county board district maps used for the redistricting in both years of 1991 and 2001, population data for every precinct and township located in St. Clair County, the identity of any person committed to the county's map committee, 911 stats and data for the county, and any other data, maps, or other information used in the redistricting process.

We received the information on Monday, June 14 after correspondence with Chris Allen, Assistant State's Attorney. The information we received included maps showing the district lines with and without roads, and individual maps for each of the districts in the county, along with legal descriptions of the boundaries of the county's districts.

After reviewing the information, we corresponded with Benjamin Henning, FOIA officer for St. Clair County. We asked Mr. Henning if there was any more information available to satisfy our requests. Mr. Henning informed our office that "since [we] requested everything [used in redistricting], that is what [the County Clerk's office] responded to".

Can you please confirm that there is no other information used in the redistricting process? And if that statement is not true, please advise and provide that information pursuant to 5 ILCS 140/1 et. seq.

PAUL J. EVANS
Attorney at Law*

STEPHEN W. ADAMSKY
Attorney at Law**

KRISTIN I. OLSON
Attorney at Law**

Very Truly Yours,

Paul J, Evans

**EXHIBIT**

B - 4



JAMES A. GOMRIC
STATE'S ATTORNEY
ST. CLAIR COUNTY
10 PUBLIC SQUARE
BELLVILLE, ILLINOIS 62220-1623

DAN LEWIS
FIRST ASSISTANT

(618) 277-3892

07/12/2021

Mr. Paul Evans
Evans Law Firm, PC
817 West US Highway 50
O'Fallon, IL 62269

　　　　RE: Illinois Freedom of Information Act Request 21-0116

Mr. Evans:

The St. Clair County State's Attorney's Office is in receipt of your Freedom of Information Act request to the St. Clair County Clerk's Office / St. Clair County Board Chairman for records pertaining to:

> *We received information including maps showing the district lines with and without roads, and individual maps for of the districts in the county, along with legal descriptions of the boundaries of the county's districts. Confirmation there is no other information used in the redistricting process? And if the statement is true, please advise that information pursuant to 5 ILCS 140/1 et. seq.*

St. Clair County has performed a search of its records and found no records responsive to your request. Furthermore, please be aware that the Illinois Freedom of Information Act does not provide for the questioning of public officials, it is merely a mechanism for providing existing documents and may not necessarily result in the production of documents not in the possession of the governmental body from whom the records are being requested. This public body will consider this request for public documents closed as of the date of this letter.

Please feel free to contact me if I may be of further assistance.

Sincerely,

Benjamin P. Henning
Assistant State's Attorney / FOIA Officer
Governmental Affairs Bureau
St. Clair County State's Attorney's Office
(618) 277-3892
foiax@co.st-clair.il.us

**EXHIBIT C**

EXHIBIT C: POPULATION DIFFERENCES COMPARED TO COUNTY AVERAGE

County population (262,388) divided by number of districts (29) is 9,048

| County Board District | Population | Difference from Mean | Party | Incumbent |
|---|---|---|---|---|
| County Board District | Population | Difference | Party | Incumbent |
| District 1 | 8807 | -241 | Democrat | Robert Allen Jr. |
| District 2 | 8639 | -409 | Democrat | Joan McIntosh |
| District 3 | 8972 | -76 | Democrat | Willie L. Dancy |
| District 4 | 8873 | -175 | Democrat | Lonnie Mosley |
| District 5 | 8829 | -219 | Democrat | Roy Mosley Jr. |
| District 6 | 8601 | -447 | Democrat | Marty Crawford |
| District 7 | 8637 | -411 | Democrat | Curtis McCall Jr. |
| District 8 | 8944 | -104 | Democrat | Steve Gomric |
| District 9 | 9350 | 302 | Democrat | Ken Easterly |
| District 10 | 9168 | 120 | Democrat | Scott Greenwald |
| District 11 | 9449 | 401 | Democrat | Ken Sharkey |
| District 12 | 9195 | 147 | Democrat | Richard Vernier |
| District 13 | 9475 | 427 | Republican | Stephen Reeb |
| District 14 | 9334 | 286 | Democrat | Robert Trentman |
| District 15 | 8699 | -349 | Democrat | Jerry Dinges |
| District 16 | 8659 | -389 | Democrat | CJ Baricevic |
| District 17 | 8599 | -449 | Democrat | Scott Tieman |
| District 18 | 8638 | -410 | Republican | Dave Langford |
| District 19 | 9312 | 264 | Republican | Michael O'Donnell |
| District 20 | 8843 | -205 | Republican | Ed Cockrell |
| District 21 | 9419 | 371 | Republican | Dean Pruett |
| District 22 | 8702 | -346 | Democrat | Susan Gruberman |
| District 23 | 8773 | -275 | Democrat | Jana Armstrong Moll |
| District 24 | 9448 | 400 | Republican | Kevin Dawson |
| District 25 | 9466 | 418 | Democrat | Richie Meile |
| District 26 | 9475 | 427 | Republican | Robert Wilhelm |
| District 27 | 9323 | 275 | Republican | Matt Smallheer |
| District 28 | 9434 | 386 | Republican | John Coers |
| District 29 | 9275 | 227 | Republican | Rick Casey Jr |

**EXHIBIT C2**
POPULATION DIFFERENCES COMPARED TO COUNTY AVERAGE UTILIZING 2020 CENSUS

County population (257,404) divided by number of districts (29) is 8,876

| County Board District | Population | Difference | Party | Incumbent |
|---|---|---|---|---|
| District 1 | 8906 | +30 | Democrat | Robert Allen Jr. |
| District 2 | 5,180 | -3,393 | Democrat | Joan McIntosh |
| District 3 | 7584 | -1,292 | Democrat | Willie L. Dancy |
| District 4 | 6,454 | -2,422 | Democrat | Lonnie Moseley |
| District 5 | 7,120 | -1,756 | Democrat | Roy Moseley |
| District 6 | 7154 | -1,722 | Democrat | Marty Crawford |
| District 7 | 8295 | -581 | Democrat | James Haywood |
| District 8 | 8,986 | +110 | Democrat | Steve Gomric |
| District 9 | 8525 | -351 | Democrat | Ken Easterly |
| District 10 | 11,510 | +2,634 | Democrat | Scott Greenwald |
| District 11 | 9,447 | +571 | Democrat | Ken Sharkey |
| District 12 | 9,279 | +403 | Democrat | Richard Vernier |
| District 13 | 9,503 | +627 | Republican | Stephen Reeb |
| District 14 | 7810 | -1,066 | Democrat | Robert Trentman |
| District 15 | 9191 | +315 | Democrat | Jerry Dinges |
| District 16 | 8552 | -324 | Democrat | CJ Baricevic |
| District 17 | 8599 | -277 | Democrat | Scott Tieman |
| District 18 | 7750 | -1,126 | Republican | Dave Langford |
| District 19 | 9734 | +858 | Republican | Michael O'Donnell |
| District 20 | 8846 | -30 | Republican | Ed Cockrell |
| District 21 | 9391 | +515 | Republican | Dean Pruett |

17

| District 22 | 9445 | +569 | Democrat | Susan Gruberman |
| District 23 | 8948 | +72 | Democrat | Jana Armstrong Moll |
| District 24 | 10160 | +1,284 | Republican | Kevin Dawson |
| District 25 | 8987 | +111 | Democrat | Richie Meile |
| District 26 | 10348 | +1,472 | Republican | Robert Wilhelm |
| District 27 | 9734 | +858 | Republican | Matt Smallheer |
| District 28 | 10,112 | +1,236 | Republican | John Coers |
| District 29 | 9785 | +909 | Republican | Rick Casey Jr |
| Total Population | 257,404 | | | |

Ten republican districts have a population of 95,363 an average of 9,536. This is an average of 660 higher than the county mean.

19 Democratic Districts have a population of 162,041 an average of 8,528. This is an average of 348 below the county mean.

The difference between Republican district average and Democratic district average is 1,008, over 11%.

| DISTRICT | DIFFERENCE FROM MEAN | PERCENTAGE FROM MEAN (+/-) |
| --- | --- | --- |
| District 2 | -3,393 | -41.64% |
| District 3 | -1,292 | -14.56% |
| District 4 | -2,422 | -27.29% |
| District 5 | -1,756 | -19.78% |
| District 10 | +2,634 | +29.68% |
| District 14 | -1,066 | -12.01% |
| District 18 | -1,126 | -12.69% |
| District 24 | +1,284 | +14.47% |
| District 26 | +1,472 | +16.58% |
| District 28 | +1,236 | +13.93% |

18

| District 29 | | +909 | +10.24% |
|---|---|---|---|

The 75.85% population deviation demonstrated here is greater than the 10% threshold tolerated by the courts.

## **EXHIBIT D**

POPULATION DISPARITY BETWEEN ADJOINING DISTRICTS

| DISTRICT | POPULATION | ADJOINING DISTRICT | POPULATION | POPULATION DIFFERENCE | PERCENTAGE DIFFERENCE BETWEEN THE TWO |
|---|---|---|---|---|---|
| District 18 | 8,638 | District 19 | 9,312 | +674 | 7.8% |
| District 26 | 9,475 | District 22 | 8,702 | +773 | 8.9% |
| District 24 | 9,448 | District 23 | 8,773 | +675 | 7.7% |
| District 10 | 9,168 | District 11 | 9,449 | +281 | 3.0% |
| District 6 | 8,601 | District 9 | 9,350 | +749 | 8.7% |
| District 23 | 8,773 | District 26 | 9,475 | +702 | 8.0% |
| District 21 | 9,419 | District 23 | 8,773 | +646 | 7.4% |

**EXHIBIT D2**

POPULATION DISPARITY BETWEEN ADJOINING DISTRICTS USING 2020 CENSUS

| DISTRICT | POPULATION | ADJOINING DISTRICT | POPULATION | POPULATION DIFFERENCE | PERCENTAGE DIFFERENCE |
|---|---|---|---|---|---|
| District 18 | 7750 | District 19 | 9734 | 1,984 | 22.7% |
| District 26 | 10348 | District 22 | 9445 | 897 | 9.12% |
| District 24 | 10160 | District 23 | 8948 | 1,212 | 12.7% |
| District 29 | 9785 | District 10 | 11,510 | 1,725 | 16.2% |
| District 10 | 11,510 | District 11 | 9447 | 2,063 | 19.7% |
| District 14 | 7810 | District 13 | 9503 | 1,693 | 19.6% |
| District 6 | 7154 | District 9 | 8525 | 1,371 | 17.5% |
| District 23 | 8948 | District 26 | 10348 | 1,400 | 14.5% |
| District 1 | 8906 | District 2 | 5180 | 3726 | 52.9% |
| District 2 | 7584 | District 3 | 5180 | 2404 | 37.7% |
| District 9 | 8525 | District 10 | 11510 | 2985 | 29.8% |
| District 25 | 8987 | District 26 | 10348 | 1361 | 14.1% |

17 board seats, more than half, have significant population discrepancy with an adjoining board district

21

## **EXHIBIT E**

### PATTERN OF SMALLER DEMOCRAT DISTRICTS VERSUS LARGER REPUBLICAN DISTRICTS

Seven Board Districts (Northwest)

| DISTRICT | POPULATION | PARTY | INCUMBENT |
|---|---|---|---|
| **District 1** | 8,807 | Democrat | Robert Allen Jr. |
| **District 2** | 8,639 | Democrat | Joan McIntosh |
| **District 3** | 8,972 | Democrat | Willie L. Dancy |
| **District 4** | 8,873 | Democrat | Lonnie Mosley |
| **District 5** | 8,829 | Democrat | Roy Mosley Jr. |
| **District 6** | 8,601 | Democrat | Marty Crawford |
| **District 7** | 8,637 | Democrat | Curtis McCall Jr. |

TOTAL POPULATION: 61,358

Average District Size: 8,765

Five Board Districts (Northeast)

| DISTRICT | POPULATION | PARTY | INCUMBENT |
|---|---|---|---|
| **District 26** | 9,475 | Republican | Robert Wilhelm |
| **District 28** | 9,434 | Republican | John Coers |
| **District 27** | 9,323 | Republican | Matt Smallheer |
| **District 24** | 9,448 | Republican | Kevin Dawson |
| **District 25** | 9,466 | Democrat | Richie Meile |

TOTAL POPULATION: 47,146

Average District Size: 9,429

Average Difference: 664, 7.6%

**EXHIBIT E2**

DISPARITY BETWEEN COUNTY BOARD DISTRICT POPULATION – REGIONAL COMPARISON WITH 2020 CENSUS

Seven Board Districts (Northwest)

| DISTRICT | POPULATION |
|----------|------------|
| District 1 | 8,906 |
| District 2 | 5,180 |
| District 3 | 7,584 |
| District 4 | 6,454 |
| District 5 | 7,120 |
| District 6 | 7,030 |
| District 7 | 8,295 |

TOTAL POPULATION: 43,539

Average District Size: 6,220

Six Board Districts (Northeast)

| DISTRICT | POPULATION |
|----------|------------|
| District 24 | 10,160 |
| District 25 | 8,987 |
| District 26 | 10,348 |
| District 27 | 9,734 |
| District 28 | 10,112 |
| District 29 | 9,785 |

TOTAL POPULATION: 59,126

Average District Size: 9,854

----------

Avg Population Difference (NW vs. NE): 3,634

Northwest districts are 45.2% smaller than northeast districts

23

**EXHIBIT F**
COMPACTNESS VS ODD SHAPES

| District | Board Member/Party | Area | Description |
|---|---|---|---|
| D-1 | Robert Allen, Jr. | Democrat | Fairmount City | Has Hardly Changed in Shape in two decades |
| D-3 | Willie L. Dancy | Democrat | East St. Louis | Has Hardly Changed in Shape in two decades. Residence extremely close to both Roy Moseley and Lonnie Moseley. They are all along a 3.4-mile path if you start at Dancy's residence, drive to Roy's, and then end at Lonnie's. |
| D-4 | Lonnie Mosley | Democrat | East St. Louis | Barely contains residence separately from Roy Mosley Jr. and Willie Dancy, who all live in close proximity to each other. |
| D-5 | Roy Mosley Jr. | Democrat | East St. Louis | Barely contains residence separately from Lonnie Mosley and Willie Dancy, who all live in close proximity to each other. |
| D-6 | Marty Crawford | Democrat | Cahokia | Series of blocks added on to the east, covering three townships. |
| D-8 | Steve Gomric | Democrat | West Belleville | Oddly Shaped and has a tail on it, sticking far into District 17. |
| D-11 | Ken Sharkey | Democrat | Fairview Heights | Added an odd extension that cuts into District 10 to capture Sharkey's subdivision |
| D-14 | Robert Trentman|Democrat | Swansea | Cherry picks down to individual streets and subdivisions |
| D-16 | CJ Baricevic | Democrat | South East Belleville | Has a tail added east and a neighborhood removed from what he previously had, which is where Cindi McDonald, his former opponent, lives. |
| D-17 | Scott Tieman | Democrat | Stookey | Has a big reverse "C" shape, wrapping around District 8. |
| D-19 | Mike O'Donnell |Republican | Rural Millstadt | Has a long extension towards east of Belleville, crosses six townships. |
| D-21 | Dean Pruett | Republican | Freeburg Smithton | Has an extension to the west crossing over into Smithton Township, the extensions |

| | | | between O'Donnell & Pruett could easily be straightened out. |
|---|---|---|---|
| D-22 | Susan Gruberman\|Democrat | Shiloh | Has an odd C shape and allows for odd projection of District 23 into the area. Incumbent lives on the edge of the extension of the district. |
| D-23 | Jana Moll \| Democrat | East Belleville Shiloh Mascoutah | Parts of Shiloh Valley and west Mascoutah, won by 97 votes against a Republican opponent, she's got a big extension into District 22 to make the "c" shape, and has small extension to the west, barely including her residence. Has an odd shape. |
| D-25 | Richie Meile \| Democrat | O'Fallon | Has long extension North to just barely capture his residence. |
| D-26 | Robert Wilhelm\|Republican | Lebanon | Crosses over four townships and has a weird projection down into Shiloh, (Which happens to pick up Jim Vernier and Shawn Boyer, former Republican candidates.) |

25



EXHIBIT A - 001

3

26

**EXHIBIT G**
TOWNSHIPS ARBITRARILY DIVIDED

| TOWNSHIP | DIVISIONS | POPULATION (2020 |
|----------|-----------|------------------|
| Canteen | 9 | 7,969 |
| Caseyville | 9 | 35,580 |
| Engelmann | 2 | 758 |
| Fayetteville | 1 | 1,535 |
| Freeburg | 2 | 5,060 |
| Lebanon | 2 | 4,933 |
| Lenzburg | 1 | 958 |
| Marissa | 1 | 2,260 |
| Mascoutah | 1 | 9,433 |
| Millstadt | 2 | 6,756 |
| New Athens | 1 | 2,562 |
| O'Fallon | 4 | 26,291 |
| Prairie Du Long | 3 | 2,622 |
| Shiloh Valley | 6 | 12,829 |
| Smithton | 3 | 4,174 |
| St. Clair | 13 | 35743 |
| Stites | 3 | 651 |
| Stookey | 6 | 9,461 |
| Sugar Loaf | 3 | 6931 |

Engelman Township (Population 758) divided between 2 County Board Districts. Engelman Township is 1 Precinct.

Stites Township (Population 651) split between 3 County Board Districts.

Marissa Township (Population 2,260) is 1 County Board District. Meanwhile, Prairie Du Long Township (Population 2,622) is divided into 3 County Board Districts.

Mascoutah Township (Population 9,433) is 1 County Board District. Meanwhile, Canteen Township (Population 7,969) is divided into 9 County Board Districts and Stookey Township (Population 9,461) is divided into 6 County Board Districts.

Smithton Township (Population 4,174) is divided into 3 County Board Districts.

## **EXHIBIT H**

MAP DRAWN WITH INACCURATE DATA

| District | District Population (Kern Estimate) | District Population (US Census Data) | Difference |
|---|---|---|---|
| 1 | 8807 | 8906 | 99 |
| 2 | 8639 | 5,180 | -3,459 |
| 3 | 8972 | 7584 | -1388 |
| 4 | 8873 | 6,454 | -2,419 |
| 5 | 8829 | 7,120 | -1,709 |
| 6 | 8601 | 7154 | -1447 |
| 7 | 8637 | 8295 | -342 |
| 8 | 8944 | 8,986 | 42 |
| 9 | 9350 | 8525 | -825 |
| 10 | 9168 | 11,510 | 2,342 |
| 11 | 9449 | 9,447 | -2 |
| 12 | 9195 | 9,279 | 84 |
| 13 | 9475 | 9,503 | 28 |
| 14 | 9334 | 7810 | -1524 |
| 15 | 8699 | 9191 | 492 |
| 16 | 8659 | 8552 | -107 |
| 17 | 8599 | 8599 | 0 |
| 18 | 8638 | 7750 | -888 |
| 19 | 9312 | 9734 | 422 |
| 20 | 8843 | 8846 | 3 |

| | | | |
|---|---|---|---|
| 21 | 9419 | 9391 | -28 |
| 22 | 8702 | 9445 | 743 |
| 23 | 8773 | 8948 | 175 |
| 24 | 9448 | 10160 | 712 |
| 25 | 9466 | 8987 | -479 |
| 26 | 9475 | 10348 | 873 |
| 27 | 9323 | 9734 | 411 |
| 28 | 9434 | 10,112 | 678 |
| 29 | 9275 | 9785 | 510 |

Recreation of County Board Map with 2020 US Census Data:
https://davesredistricting.org/join/b57b4c66-84c2-4a0d-b007-7824ca107273

**Exhibit I**

Home Addresses and Precincts of all Incumbent County Board Members

| District | Incumbent | Address | Municipality | Precinct |
|---:|---|---|---|---|
| 1 | Robert Allen Jr. | 2928 N 60th St | Fairmont City | Canteen 08 |
| 2 | Joan McIntosh | 1626 N 50th St | Washington Pk | Canteen 04 |
| 3 | Willie L. Dancy | 1601 Central Ave | East Saint Louis IL | East St. Louis 04 |
| 4 | Lonnie Mosley | 605 N 28th St | East Saint Louis | East St. Louis 09 |
| 5 | Roy Moseley | 2213 Saint Louis Ave | East Saint Louis | East St. Louis 06 |
| 6 | Marty Crawford | 102 Hazel Ave | Belleville | Centreville 04 |
| 7 | Curtis McCall Jr | 846 Saint Bartholomew Dr | Cahokia | Centreville 13 |
| 8 | Steve Gomric | 527 Oak Hill Dr | Belleville | Stookey 09 |
| 9 | Ken Easterley | 8 Notre Dame Hls | Belleville | Belleville 14 |
| 10 | Scott Greenwald | 38 Pine Trl | Fairview Heights | Caseyville 20 |
| 11 | Ken Sharkey | 130 Parr Ave | Fairview Heights | Caseyville 09 |
| 12 | Richard Vernier | 440 N 37th St | Belleville | Belleville 09 |
| 13 | Stephen Reeb | 1956 Messinger Trl | Shiloh | St. Clair 24 |
| 14 | Robert Trentman | 2601 Old Collinsville Rd | Swansea | St. Clair 19 |
| 15 | Jerry Dinges | 500 N Belt E | Belleville | Belleville 01 |
| 16 | CJ Baricevic | 419 S High St | Belleville | Belleville 02 |
| 17 | Scott Tieman | 4410 Maple Brook Dr | Belleville | Belleville 20 |
| 18 | Dave Langford | 1245 Muskopf Pl | Dupo | Sugarloaf 05 |
| 19 | Michael O. Donnell | 5755 Clubhouse Drive | Millstadt | Millstadt 02 |
| 20 | Ed Cockrell | 306 N. Jackson Street | New Athens | New Athens 01 |
| 21 | Dean Pruett | 3 Country Ln | Freeburg | Freeburg 03 |
| 22 | Susan Gruberman | 2309 Stonecastle Ave | Belleville | St. Clair 29 |
| 23 | Jana Armstrong Moll | 29 Shady Ln | Belleville | St. Clair 05 |
| 24 | Kevin Dawson | 9921 Cessna Ct. | Mascoutah | Mascoutah 02 |
| 25 | Richie Meile | 602 W Madison St | O'Fallon | O'Fallon 13 |
| 26 | Robert Wilhelm | 609 N. Madison | Lebanon | Lebanon 01 |
| 27 | Matt Smallheer | 9517 Monterey Dr | O'Fallon | O'Fallon 06 |
| 28 | John Coers | 1626 Mary Todd Lane | O'Fallon | O'Fallon 09 |
| 29 | Rick Casey Jr | 602 South 5th Street | Caseyville | Caseyville 7 |